# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANTONIO CAUZO,

       Plaintiff,

v.

KATANE LLC,
BAKERY ITALIA CORAL SPRINGS LLC,
BAKERY ITALIA, INC.,
MASSIMO GUARNERA,

       Defendants.

_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ANTONIO CAUZO, brings this action against Defendants, KATANE LLC, BAKERY ITALIA CORAL SPRINGS LLC, BAKERY ITALIA, INC., and MASSIMO GUARNERA, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff ANTONIO CAUZO was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not imited to interstate communication with Defendant Massimo.

4. At all times material hereto, Defendant, KATANE LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of bakery and restaurant operations, at all times material hereto was the "employer" of Plaintiff as that term is

defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, BAKERY ITALIA CORAL SPRINGS LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of bakery and restaurant operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, BAKERY ITALIA, INC., was a Delaware corporation engaged in business in South Florida, engaged in commerce in the field of bakery and restaurant operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7. Defendants, KATANE LLC and BAKERY ITALIA, INC., are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

8. Defendants, KATANE LLC and BAKERY ITALIA, INC., were joint employers of Plaintiff, under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

9. Defendants, BAKERY ITALIA CORAL SPRINGS LLC and BAKERY ITALIA, INC., are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their

employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

10. BAKERY ITALIA CORAL SPRINGS LLC is the successor entity to KATANE LLC; BAKERY ITALIA CORAL SPRINGS LLC and its owners had notice of KATANE LLC'S liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between KATANE LLC and BAKERY ITALIA CORAL SPRINGS LLC; BAKERY ITALIA CORAL SPRINGS LLC operates at the same location as did KATANE LLC; BAKERY ITALIA CORAL SPRINGS LLC uses the same or substantially the same work force as did KATANE LLC; BAKERY ITALIA CORAL SPRINGS LLC uses the same or substantially the same supervisory personnel as KATANE LLC; BAKERY ITALIA CORAL SPRINGS LLC employs the same jobs under substantially the same working conditions as did KATANE LLC; BAKERY ITALIA CORAL SPRINGS LLC uses the same machinery, equipment, and methods of production as did KATANE LLC; BAKERY ITALIA CORAL SPRINGS LLC produces the same products as did KATANE LLC; BAKERY ITALIA CORAL SPRINGS LLC has expressly and/or impliedly assumed KATANE LLC's liabilities; BAKERY ITALIA CORAL SPRINGS LLC is a mere continuation of KATANE LLC; and the change in entity from KATANE LLC to BAKERY ITALIA CORAL SPRINGS LLC occurred for the purpose of Defendants to escape liability imposed by the FLSA.

11. Defendant, MASSIMO GUARNERA, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, KATANE LLC, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of KATANE LLC. Accordingly, MASSIMO GUARNERA was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

12. Defendant, MASSIMO GUARNERA, was, and now is, a manager of Defendant, BAKERY ITALIA, INC., controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of BAKERY ITALIA, INC.. Accordingly, MASSIMO GUARNERA was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

13. Defendant, MASSIMO GUARNERA, was, and now is, a manager of Defendant, BAKERY ITALIA CORAL SPRINGS LLC, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of BAKERY ITALIA CORAL SPRINGS LLC. Accordingly, MASSIMO GUARNERA was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

14. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

15. Plaintiff ANTONIO CAUZO worked for Defendants as a general manager.

16. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

17. Defendants failed to pay Plaintiff's full and proper minimum wages for certain hours worked during Plaintiff's employment.

18. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

19. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

20. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

21. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

22. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

23. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791