UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60396-RUIZ/STRAUSS

**ANTONIO CAUZO,**

    Plaintiff,

v.

**KATANE LLC,** *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon the Bill of Costs [DE 105] ("Motion"). The Motion has been referred to me to take all necessary and proper action as required by law [DE 107]. I have reviewed the Motion, Plaintiff's Memorandum of Law in Support of Bill of Costs [DE 105-1], the invoices attached to the Motion [DE 105-2], and the record in this case. Pursuant to the Motion, Plaintiff seeks an award of costs against Defendant Massimo Guarnera ("Guarnera") in the amount of $1,045.60. Guarnera has not filed any response to the Motion, and the time to do so has passed.[1] For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART**, and that the Court award Plaintiff costs in the amount of **$807.60** (plus interest since September 3, 2021) against Guarnera.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here

---

[1] Although Plaintiff failed to properly serve Guarnera with the Motion upon filing it, Plaintiff properly served the Motion on October 25, 2021. *See* [DE 108, 109]. Therefore, Guarnera's response was due by November 15, 2021. *See* S.D. Fla. L.R. 7.1(c)(1); Fed. R. Civ. P. 6.

is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

In accordance with the jury verdict [DE 87] in this matter, the Court entered Final Judgment [DE 90] in favor of Plaintiff and against Guarnera on September 3, 2021, awarding Plaintiff $6,757.50. Thus, Plaintiff is clearly the prevailing party (against Guarnera),[2] and therefore, he is entitled to an award of taxable costs.

Pursuant to the Motion, Plaintiff seeks an award of the following costs:

| Description | Amount |
|---|---|
| Filing Fee | $400.00 |
| Service of Process Costs | $279.00 |
| Copying Costs | $366.60 |
| **Total** | **$1,045.60** |

I respectfully recommend that the filing fee and copying costs be taxed. However, for the service of process costs, I only recommend that $41.00 be taxed. As to the filing fee, it is clearly taxable under § 1920(1). As to the copying costs, they are taxable under § 1920(4) because the copies were necessarily obtained for use in the case. Notably, in the Motion, Plaintiff's counsel has "declare[d] under penalty of perjury that the [requested] costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Moreover, Plaintiff's Memorandum of Law notes that the copying costs relate to the copying of exhibits for trial. Additionally, Plaintiff notes the number of pages copied (2,444) and the cost per page ($0.15), which is reasonable.

With respect to the service of process costs, Plaintiff seeks $41.00 for service on Guarnera and $238.00 (separate charges of $41.00, $41.00, and $156.00) for service on the other three

---

[2] Although a default was previously entered against the other defendants in this matter [DE 58], the Final Judgment is only against Guarnera, and the Motion only seeks to tax costs against Guarnera.

defendants. Section 1920(1) permits the taxing of "[f]ees of the clerk and marshal." This includes fees for serving subpoenas including subpoenas served by private process servers. *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). However, the subpoena service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *See W&O*, 213 F.3d at 624. The Marshal charges $65 per hour for each item served. 28 C.F.R. § 0.114(a)(3). Thus, the $41.00 charge for service of process on Guarnera is clearly taxable. However, Plaintiff provides no basis for taxing the service of process costs for the other defendants against Guarnera.[3] Therefore, I recommend that the Court only tax $41.00 in service of process costs, in addition to the $400.00 filing fee and $366.60 in copying costs.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT IN PART and DENY IN PART** the Motion [DE 105] and award Plaintiff taxable costs in the amount of **$807.60**, plus interest (from September 3, 2021),[4] against Defendant Massimo Guarnera.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28

---

[3] Even if the Court were to tax the service of process costs related to the other defendants against Guarnera, the $156.00 charge would need to be reduced to $65.00.

[4] *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 16th day of November 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge