UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60396-RUIZ/STRAUSS

ANTONIO CAUZO,

    Plaintiff,
v.

KATANE LLC, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiffs' Amended Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(b) [DE 125] ("Motion").[1] The Motion has been referred to me to take all necessary and proper action as required by law [DE 126]. I have reviewed the Motion and all other pertinent portions of the record in this case.

In accordance with the jury verdict [DE 87] in this matter, the Court entered Final Judgment [DE 90] in favor of Plaintiff and against Massimo Guarnera ("Guarnera") on September 3, 2021, awarding Plaintiff $6,757.50. Thus, Plaintiff is clearly the prevailing party (against Guarnera),[2] and therefore, he is entitled to an award of reasonable attorneys' fees against Guarnera. *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985))); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913

---

[1] Although the Motion references costs in passing, the Court has already separately addressed Plaintiff's request for an award of costs. *See* [DE 112, 114]. Therefore, this Report only addresses Plaintiff's request for an award of attorneys' fees.

[2] Although a default was previously entered against the other defendants in this matter [DE 58], the Final Judgment is only against Guarnera.

(11th Cir. 2018) ("Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" (quoting 29 U.S.C. § 216(b))). Pursuant to the Motion, Plaintiff seeks an award of attorney's fees in the amount of $44,160. This sum is comprised of 110.4 hours at an hourly rate of $400. No response to the Motion has been filed, and the time to file a response has passed.

When determining the reasonableness of attorney's fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

**A. Reasonable Hourly Rate**

Because it is Plaintiff seeking an award of attorney's fees, he has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

In the Motion, Plaintiff's counsel states that he is the sole shareholder of Koz Law, P.A. and that he has practiced in the area of employment law since 2009 (when he was admitted to the Florida Bar). Although the information provided in the Motion regarding Mr. Kozolchyk's experience is limited, I am familiar with Mr. Kozolchyk, who has appeared before me in numerous cases over the last few years. In two of those cases, I considered contested fee motions filed by Mr. Kozolchyk. First, in 2020, I found $350 to be a reasonable hourly rate for Mr. Kozolchyk. *See Paul v. Am. Liberty Van Lines LLC*, No. 19-60512-CIV, 2020 WL 8082378, at *2 (S.D. Fla. Mar. 10, 2020). More recently (earlier this year), I found $375 to be a reasonable hourly rate for Mr. Kozolchyk. *See Walker v. Grampa's Real Est. Inc.*, No. 20-CV-61557, 2022 WL 2789967, at *2-4 (S.D. Fla. June 29, 2022), *report and recommendation approved*, 2022 WL 2788498 (S.D. Fla. July 15, 2022). As I noted – and the district court echoed – in *Walker*, $375 has been considered to be "at the high end of the range of rates charged in" this district for FLSA attorneys. *Id.* at *3 (quoting *Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015)). Moreover, as of the time *Walker* was decided (in July 2022), judges in this district generally would not approve an hourly rate greater than $375 for Mr. Kozolchyk. *Id.*; *see also Phillips v. SC Cap. Ventures, Inc.*, No. 19-62555-CIV, 2020 WL 2988381, at *2 n.2 (S.D. Fla. June 4, 2020) ("This Court routinely refuses to award Kozolchyk more than $375/hr.").

While I find that $375 remains a reasonable hourly rate for Mr. Kozolchyk for the reasons discussed more fully in *Walker*, one circumstance has changed since *Walker* that warrants a brief discussion. As Plaintiff notes in the Motion, judges in three cases have approved a $400 hourly rate for Mr. Kozolchyk in the last few months. The relevant orders from the three cases were filed as attachments to the Motion. *See* [DE 125-2, 125-3, 125-4]. In the first case [DE 125-2], the defendants' failure to comply with the relevant local rule appears to have contributed to the

decision to award Mr. Kozolchyk a $400 hourly rate. *See* [DE 125-2] at 5. In the second case [DE 125-3], the Court approved Mr. Kozolchyk's rate in the context of an agreed FLSA settlement, not in the context of a contested fee motion. In the third case [DE 125-4], the defendants also violated the relevant local rule – though it appears that the court would have approved a $400 rate for Mr. Kozolchyk even without the rule violation. *See* [DE 125-4] at 5-6.

At any rate, even with the foregoing three cases, the fact remains that most judges in this district will only approve a rate of $375 or less for Mr. Kozolchyk.[3] For this reason, because $375 is already a higher-than-average rate for an attorney representing FLSA plaintiffs in this district, and for the other reasons explained in *Walker*, this Court should award a $375 hourly rate to Mr. Kozolchyk. Based on Mr. Kozolchyk's experience and qualifications, Eleventh Circuit case law and case law in this district (including cases awarding fees in FLSA cases), and my own knowledge regarding reasonable hourly rates in this community (including, specifically, in FLSA cases), an hourly rate of $375 (and no greater) is appropriate for Mr. Kozolchyk.

**B. Hours Reasonably Expended**

Plaintiff's counsel's billing records reflect that counsel incurred 110.4 hours in connection with his representation of Plaintiff in this matter. *See* [DE 125-1]. In the Motion, counsel contends that he reasonably incurred all 110.4 hours. Having reviewed counsel's billing records, I find that counsel reasonably billed 97 hours. In so finding, I have reviewed all filings referenced in counsel's billing records. I have also balanced a few considerations. As discussed above, on the one hand, it is Plaintiff's burden to adequately document the reasonableness of counsel's hours

---

[3] In fact, since *Walker*, at least one other Magistrate Judge in this division has agreed that $375 is a reasonable hourly rate for Mr. Kozolchyk. *See Badillo v. Sam Perks Co., LLC*, No. 20-CV-62381, 2022 WL 7609426, at *3 (S.D. Fla. Sept. 26, 2022), *report and recommendation adopted*, 2022 WL 7512581 (S.D. Fla. Oct. 13, 2022).

and to exclude excessive, redundant, and unnecessary hours. Significantly, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. On the other hand, a party opposing a fee motion is required to specifically and precisely point out unreasonable hours. *See id.* ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman*, 836 F.2d at 1301)). Guarnera, however, has failed to respond to the Motion. Therefore, the reductions I recommend herein are only for hours that are clearly unreasonable or excessive (even without the benefit of a response) and for hours included in time entries where the description is clearly inadequate to discharge Plaintiff's burden of documenting reasonable hours.

First, I have deducted 0.4 hours for counsel's entries for preparing DE 7-10. These filings are affidavits from a process server, not documents prepared by counsel. Second, I have deducted 0.4 hours that counsel unreasonably billed for reviewing standard notices of appearance filed by opposing counsel. Third, I have deducted 0.2 hours from the 0.4 hours counsel billed for reviewing DE 17 (response to statement of claim) and DE 20 (certificate of interested parties). My own independent review of these very brief filings reveals that it could not have reasonably taken more than a couple minutes to review each filing. Fourth, I deducted 0.9 hours from the 2.3 hours counsel billed for attending a May 2020 settlement conference. I conducted that settlement conference *telephonically*, and the settlement conference lasted only 1 hour and 25 minutes.[4] Fifth,

---

[4] I note that counsel also separately billed time for meeting with his client to prepare for the settlement conference. I have not reduced that entry.

I deducted 0.4 hours for reviewing DE 38 (order to show cause) and DE 40 (discovery order) and for attending a September 2020 discovery hearing.  It is unreasonable to pass on such hours to Guarnera given that Plaintiff's failure to respond to discovery led to the foregoing orders and discovery hearing.  *See* [DE 38, 40].  In fact, Defendants were awarded attorneys' fees under Fed. R. Civ. P. 37 as a result.  *See* [DE 40] ¶ 5.  Sixth, I have deducted 1.1 hours that counsel billed for reviewing DE 62 (order to show cause) and preparing DE 63 (response to DE 62).  Such time was only incurred due to Plaintiff's counsel's failure to appear at calendar call.  As such, it is unreasonable to pass these hours on to Guarnera.  Seventh, I have deducted 0.5 hours that counsel billed for reviewing billing records.  The description provided ("reviewed billing records") fails to establish that such time was reasonably expended.

I also made two additional reductions where counsel provided insufficient descriptions to demonstrate the reasonableness of the hours billed.  The following reductions achieve rough justice, even if not auditing perfection.  *See Fox*, 563 U.S. at 838 ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.").  I have deducted 2 hours from counsel's November 16, 2020 entry for 4 hours, which states, "reviewed documents/evidence, prepared Plaintiff's Exhibit List and sent to OC."  A reduction is warranted given that the entry provides no indication as to what documents were reviewed.  Also, Plaintiff's exhibit list (filed on November 16, 2020) is a simple 2-page exhibit list.  *See* [DE 50-1].  Additionally, I deducted 7.5 hours from the 29 hours that counsel billed for preparing for trial.  That is because these time entries (on August 28, 2021 through September 1, 2021) state nothing more than "prepared for trial," "trial preparation," and "prepared for second day of trial."  In other words, the entries provide no description whatsoever regarding the tasks that were involved in counsel's trial preparation.  Again, my proposed reduction achieves rough justice, even if not

7

auditing perfection. Notwithstanding the clearly inadequate descriptions, which prevent the Court from analyzing the reasonableness of such hours, it would be unfair to exclude all trial preparation hours when counsel undoubtedly expended time on trial preparation. At the same time, it would be unfair to pass on all such hours to Guarnera given Plaintiff's failure to document the specific tasks that were completed.

Applying the foregoing reductions, I find that Plaintiff's counsel reasonably billed 97 hours in this case (110.4 – 0.4 – 0.4 – 0.2 – 0.9 – 0.4 – 1.1 – 0.5 – 2 – 7.5 = 97).

### C. Lodestar

For the reasons discussed above, I find that Plaintiffs' counsel's reasonable hourly rate is $375 and that counsel reasonably expended 97 hours of work on behalf of Plaintiff in this matter. Therefore, the lodestar figure for this matter is $36,375 ($375 * 97 hours). I find that the lodestar represents a reasonable fee award here.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 125] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Plaintiff attorney's fees – against Guarnera – in the amount of **$36,375**, plus interest.[5]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

---

[5] *See Martinec v. Party Line Cruise Co.*, 350 F. App'x 406, 408 (11th Cir. 2009) ("It is appropriate to impose post-judgment interest on awards of attorneys' fees and costs in an FLSA case.").

in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 16th day of December 2022.

Jared M. Strauss
United States Magistrate Judge